**KERNER & KERNER**
Attorneys at Law
74 Trinity Place, Suite 1402
New York, New York 10006
Tel.: (212) 964-1098
Fax: (212) 385-9072

November 14, 2007

**VIA EMAIL** (eileen_levine@nysd.uscourts.gov)
Hon. Richard J. Sullivan, U.S.D.J.
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    Carter v. Montefiore Hospital
              Docket No.: 3486 CV. 2007 (RJS)

Dear Judge Sullivan:

      Pursuant to the Order, dated November 1, 2007 herein, the following is a status letter regarding the above captioned-action:

      1.      The nature of this action seeks relief, including injunctive orders, restoration of plaintiff to her previous position, reimbursement for loss of wages, damages, costs and attorney's fees as a result of the unlawful and improper acts of discrimination, harassment and termination of plaintiff from her employment as a security guard by defendant, its servants, agents, and/or employees. The within causes of action arise from the unlawful practices claims made pursuant to, inter alia, the Family and Medical Leave Act (29 U.S.C., § 2601, et seq.), the Americans with Disabilities Act of 1990, as amended (42 U.S.C., §§12111, et seq.) employment discrimination on the basis of race (42 U.S.C. § 2000e, et seq.); the Civil Rights Act of 1964, as amended (42 U.S.C. §1981, et seq.; the New York State Human Rights Law (Executive Law, § 291, et seq.), and the New York City Human Rights Law (Administrative Code of the City of New York, §8-101, et seq.). In addition, plaintiff invokes pendant and supplemental jurisdiction over State law claims, pursuant to the U.S. Constitution, Article III, §2; 28 U.S.C. §1367(a), and Rules 18(a) of the Federal Rules of Civil Procedure.

      Defendant denies all of the allegations in the complaint. Plaintiff was terminated for excessive absenteeism in accordance with defendant's policies after being given several warnings. Plaintiff's claim of discrimination under the Americans with Disabilities Act should be dismissed because she failed to file a complaint with the EEOC alleging discrimination on the basis of disability. Plaintiff's pro se Complaint does not allege that she was discriminated against on the basis of her race. Any request to amend the Complaint to assert claims of discrimination based in race should be denied for several reasons. First, plaintiff cannot assert a claim of race discrimination under Title VII of the Civil Rights Act of 1964, as amended, because Plaintiff failed to file her lawsuit within 90 days after receiving a right to sue letter from the Equal

Employment Opportunity Commission. In her complaint, plaintiff admits that she received her right to sue letter on July 26, 2006. See page 5 of the Complaint. Her Complaint was filed in March 2007. Second, plaintiff cannot assert a claim of race discrimination under either the New York State Human Rights Law or the New York City Human Rights Law because plaintiff filed a charge asserting a claim of race discrimination against defendant with the New York City Commission. See page 4 of the Complaint. Thus, having filed a complaint of race discrimination with the New York City Commission, plaintiff is barred from instituting a civil action on that claim under both the New York City and New York State Human Rights Laws. Finally, defendant asserts that plaintiff has failed to mitigate her damages.

2. There are no outstanding motions. Plaintiff requests leave to file a motion to amend the pro se complaint herein.

3. There is an existing deadline to complete the Case Management Plan and Order by November 20, 2007 at 4:00 P.M. In addition, a Status Conference is scheduled to be held on December 6, 2007 at 10:45 A.M.

4. The remaining discovery consists of documentary discovery relevant to plaintiff's employment and termination. In addition, depositions of the parties and knowledgeable witnesses will be required. All of the foregoing is necessary in order to engage in meaningful settlement negotiations.

5. Settlement discussions took place on November 13 and November 14, 2007 involving the undersigned attorneys. The approximate duration of such discussions was fifteen (15) minutes.

6. The estimated length of trial herein is five (5) days.

7. At the present time, there is no further information which we believe will assist the Court in resolving this action.

Respectfully yours,

KERNER & KERNER

By: S/_____
    Richard A. Kerner
    Attorneys for Plaintiff

THELEN REID BROWN
RAYSMAN & STEINER, LLP

By: S/_____
    Jean L. Schmidt
    Attorneys for Defendant